## CREIGHTON v. TODHUNTER ET AL.

PRACTICE: NEW TRIAL: NEWLY DISCOVERED EVIDENCE.

*Appeal from Warren District Court.*

SATURDAY, OCTOBER 20.

PLAINTIFF and defendant, Todhunter, were partners in the real estate, abstract and loan business, in the year 1874; the plaintiff purchased the interest of said defendant in said business; the contract of purchase was in writing; the consideration was $1,200; the sum of five hundred dollars was paid in cash; a note of five hundred dollars was given, due in sixty days, and secured by a chattel mortgage upon one-half of the abstract books; a note for $200 was given, payable in one year, with personal security.

When the note for $500 became due Todhunter proceeded to foreclose the chattel mortgage, whereupon plaintiff filed his petition asking that the foreclosure of the mortgage be transferred to the District Court. He answered that the defendant, Todhunter, had violated the written contract of purchase by engaging in the abstract, real estate and loan business in Warren county, contrary to the terms of said contract. Issues were made up between the parties, and a trial was had which resulted in a judgment and decree against the plaintiff herein, ordering the sale of the whole of the books. The trial was had on the 26th day of August, 1875. Execution upon the judgment was stayed, by filing the proper stay bond.

On the 25th day of March, 1876, this action was commenced. It is a petition for a new trial, based upon alleged newly discovered evidence, which it is claimed is material, and presents a complete defense to any recovery by Todhunter. Issue was joined and a trial was had, and the former decree was modified so that an undivided half of the abstract books was ordered to be sold in satisfaction of the judgment. The petition for new trial was dismissed at plaintiff's cost. Plaintiff appeals.

*Henderson & Berry*, for appellant.

*Todhunter & Hartman* and *H. McNeil*, for appellees.

ROTHROCK, J.—I. It is insisted that upon the first trial the court erred in its construction of the written contract between the parties. If so, plaintiff's remedy was by appeal, and not a petition for a new trial, filed several months after the term at which the cause was tried.

II. In our opinion the court below correctly held that plaintiff was not entitled to a new trial because of newly discovered evidence. Conceding that the alleged evidence was not cumulative, about which there is much doubt, a careful examination of the record has satisfied us that no proper diligence was shown to discover the evidence at the first trial. Some of the facts which are relied upon were directly in the line of plaintiff's inquiry. Indeed, all the alleged new facts that seem to us to be material were testified to by witnesses who were examined on the first trial.

We need not set out or discuss the evidence at length. It would serve no useful purpose.

AFFIRMED.